UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-207 |
| MIGUEL GAMEZ | SECTION "N" |

### ORDER & REASONS

Upon motion of the government to revoke the release order entered by the United States Magistrate Judge in the Middle District of Florida, pursuant to 18 U.S.C. §3145(a)(1), the Court held a hearing on January 20, 2017, found that detention is warranted, and ordered the defendant detained pending trial. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### I. STANDARD OF REVIEW

The statutory authority for the relief sought by the government is found in Title 18, United States Code, Section 3145(a)(1), which permits the government to file with the court having original jurisdiction over the offense, a motion for revocation or amendment of the release order. The district court reviews a release order *de novo* and "must make an independent determination of proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).

**II. FINDINGS OF FACT AND LAW AS TO PRESUMPTION UNDER § 3142(e)**

Title 18, United States Code, Section 3142(e) provides that the court shall order a defendant be detained pretrial "[i]f . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Where the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, a rebuttable presumption arises that no such condition or combinations of conditions exist. 18 U.S.C. §3142(e)(3)(A). In this case, the defendant, who was apprehended in possession of $109,000 hidden in the dashboard of his vehicle, faces two federal charges, including one count of conspiracy to distribute more than five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Therefore, the Court finds that the presumption applies and that the defendant did not produce sufficient evidence for rebuttal.

**III. ANALYSIS AND STATEMENT OF REASONS FOR DETENTION**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the government has proven by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. In addition to findings made on the record at the hearing, the reasons for detention include the strong weight of evidence against the defendant and lack of significant community or family ties to this district. The Court also finds particularly concerning the amount of drugs and money alleged to be involved in this offense, which according to the affidavit of Special Agent Christopher A. Estapa, amounts to 180 kilograms of cocaine and several million dollars of drug

proceeds. Combined with the other factors, these alarming figures lead the Court to doubt seriously whether the defendant's appearance before the court in the future can be assured through any combination of conditions of release.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Magistrate Court's release order is **REVOKED** and that the defendant is remanded to the custody of the United States Marshal.

New Orleans, Louisiana, this 20th day of January 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**